```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE


Evergreen Indemnity, Ltd.

v.                                   Civil No. 1:15-cv-485-JD
                                     Opinion No. 2016 DNH 148
Maria Dalomba, Edwin Simonsen,
Catherine Kierstead, and
Hidden Valley RV Park, LLC
```

O R D E R

Evergreen Indemnity, Ltd. ("Evergreen") brings an action for declaratory relief against its insureds, Hidden Valley RV Park, LLC ("Hidden Valley"), Edwin Simonsen, and Catherine Kierstead (together, the "Hidden Valley Defendants"), and Maria Dalomba, seeking a declaratory judgment that Evergreen has no duty to defend or indemnify the Hidden Valley Defendants in a civil rights action brought by Dalomba. The Hidden Valley Defendants have moved to add third-party claims against their insurance broker and her agency. Evergreen objects.

Background

In July of 2015, Dalomba brought suit against the Hidden Valley Defendants, alleging claims for racial discrimination under federal civil rights laws. Dalomba's complaint alleges that her family, all of whom are "Black persons of African heritage," experienced a series of racially motivated and

harassing events while vacationing at Hidden Valley.  Although most of the harassment in the complaint is attributed to other residents of the campground, Dalomba's complaint alleges that Hidden Valley, along with Simonsen as a member of Hidden Valley, and Kierstead as a Hidden Valley employee, are liable for racial discrimination under 42 U.S.C. § 1981, which prohibits discrimination while making and enforcing contracts.

In response to Dalomba's complaint, the Hidden Valley Defendants requested a defense and indemnification from Evergreen under a commercial liability policy ("the policy") covering Hidden Valley, Simonsen, and Hidden Valley employees acting in the scope of their employment.  Evergreen denied coverage because it determined that Dalomba's complaint alleged intentional acts of racial discrimination, which, it asserted, were not covered under the policy.  Evergreen also denied coverage on the ground that Hidden Valley and Simonsen failed to promptly provide notice of Dalomba's discrimination allegations, as required by the policy.

Evergreen then filed this action against the Hidden Valley Defendants and Dalomba, seeking a declaratory judgment that the policy does not require it to defend, indemnify, or provide coverage to the Hidden Valley Defendants for the claims arising out of Dalomba's complaint.  Evergreen brought this action under diversity jurisdiction.  See 28 U.S.C. § 1332.  Evergreen is a

Barbados corporation with its principal place of business in Barbados.[1] Hidden Valley is a limited liability company whose sole member, Simonsen, is a New Hampshire citizen. Dalomba is a citizen of Massachusetts, and Kierstead is a citizen of New Hampshire or Florida.[2]

On May 16, 2016, the Hidden Valley Defendants moved to add third-party claims against Lisa Joe Huff, their insurance broker, and her agency, Brown & Brown Insurance of N.H., which is a New Hampshire corporation.[3] The proposed third-party complaint alleges a claim of professional negligence against Huff and Brown & Brown based on the allegation that they should have obtained "coverage for Hidden Valley that was adequate to

---

[1] Evergreen's complaint did not properly allege the citizenship of itself or Hidden Valley. Because of this, the court ordered Evergreen and Hidden Valley to file affidavits establishing their respective citizenships. Doc. no. 26. In response to the court's order, Evergreen and Hidden Valley filed affidavits containing jurisdictional facts. See docs. no. 28, 29-1. The facts in this motion pertaining to the citizenships of Evergreen, Simonsen, and Hidden Valley are derived from those affidavits.

[2] Although Evergreen alleges only that Kierstead lives in New Hampshire, the defendants' answer clarifies that Kierstead is likely domiciled in either Florida or New Hampshire. Doc. 14 at ¶ 4. Aponte-Davila v. Municipality of Caguas, --F.3d--, 2016 WL 3648474, at *4 (1st Cir. July 8, 2016) ("For purposes of diversity, a person is a citizen of the state in which he is domiciled."). Because Evergreen is not a citizen of Florida or New Hampshire, it is not necessary to resolve this ambiguity for diversity purposes. See 28 U.S.C. 1332(a)(2).

[3] The proposed third-party complaint does not allege the citizenship of Huff.

cover the claims made by Ms. Dalomba." Doc no. 21-1 at 6. Evergreen objects.

## Discussion

Evergreen contends that the court should deny the Hidden Valley Defendants' motion to add the proposed third-party claims for four reasons. Evergreen argues that the court cannot exercise subject-matter jurisdiction over the claims, and that even if the court could exercise jurisdiction over the proposed third-party claims, it should decline to do so. Evergreen also asserts that the court should deny the Hidden Valley Defendants' motion because the proposed third-party claims are futile. Finally, Evergreen requests that the proposed third-party claims be deferred because they could be rendered moot by summary judgment in this action.

### A. Supplemental Jurisdiction

In their proposed third-party complaint, the Hidden Valley Defendants allege that the court has supplemental jurisdiction over their third-party claims. Under 28 U.S.C. § 1367(a), except as provided elsewhere, a court with original jurisdiction over an action has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

4

controversy under Article III of the United States Constitution."

Evergreen does not dispute that the Hidden Valley Defendants' third-party claims arise from the same case or controversy as Evergreen's claim for declaratory relief. Rather, Evergreen contends that supplemental jurisdiction over the proposed third-party claims is prohibited under § 1367(b) because those claims—at least one of which is against a New Hampshire citizen—would destroy diversity. Subsection 1367(b) provides that federal courts in diversity cases do not have supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24, of the Federal Rules of Civil Procedure" if exercising such jurisdiction "would be inconsistent with the jurisdictional requirements of [diversity jurisdiction]."

In Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC, the First Circuit held that § 1367(b) did not prohibit a district court from exercising supplemental jurisdiction over non-diverse third-party claims asserted by the defendant in a diversity action. 730 F.3d 67, 73 (1st Cir. 2013). In doing so, the court interpreted the term "plaintiff" in § 1367(b) as referring only to the "original plaintiff in the action, and not to a defendant that also is a third-party plaintiff." Id. The First Circuit reasoned that this

interpretation was "consistent with Congress's intent that section 1367(b) should prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity." Id. (internal quotation marks omitted).

Here, the Hidden Valley Defendants seek to bring claims against Huff and Brown & Brown for the loss associated with their potential insurance coverage deficiency. Federal Rule of Civil Procedure 14, which governs third-party practice, provides that a defendant makes such a claim as a "third-party plaintiff" and not as an original plaintiff. Fed. R. Civ. P. 14(a)(1). Therefore, § 1367(b) does not strip the court of jurisdiction over the Hidden Valley Defendants' third-party claims. Stonestreet Constr., 730 F.3d at 73.[4]

B. Discretion to Decline Jurisdiction

Evergreen also contends that the court should decline jurisdiction under § 1367(c) because the proposed third-party claims will predominate over its claim for declaratory relief. In support, Evergreen argues that the proposed third-party

---

[4] Evergreen relies on Nat'l Fire & Marine Ins. Co. v. ECH Builders, LLC, 2008 U.S. Dist. LEXIS 39768, at *2 (D.N.H. 2008). In ECH Builders, the court held that § 1367(b) stripped it of supplemental jurisdiction over third-party claims brought by a defendant against its non-diverse insurance agent. ECH Builders, however, was decided before Stonestreet Constr., which is controlling precedent.

6

claims require "time-consuming and costly discovery" and the development of an evidentiary record, whereas its claim for declaratory relief can be resolved based solely on the policy and the complaint in the underlying action.  The Hidden Valley Defendants do not respond to Evergreen's predominance argument.

Under § 1367(c), a district court may decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  When assessing predominance under § 1367(c), a court should look at the proof necessary to prove each claim, the scope of the issues raised, and the remedies sought.  Stonestreet Constr., 730 F.3d at 73.  "The inquiry . . . turns on whether the supplemental claims are more complex or require more judicial resources or are more salient in the case as a whole than the claims over which the court has original jurisdiction."  William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co., 2009 WL 427280, at *15 (S.D.N.Y. Feb. 23, 2009) (internal quotations omitted).  Further, in all supplemental jurisdiction decisions, courts must assess the totality of the circumstances, which includes giving consideration to issues such as "comity, judicial economy, convenience, fairness and the like."  Che v. Mass. Bay Transp. Auth., 342 F.3d 31, 37 (1st Cir. 2003) (internal quotations omitted)).

Here, Evergreen seeks a declaratory judgment that it is not obligated to indemnify or defend the Hidden Valley Defendants in the Dalomba action under the terms of the policy. The interpretation of an insurance policy is a question of law. Todd v. Vt. Mut. Ins. Co., ---N.H.---, 2016 WL 1381486, at *2 (N.H. Apr. 7, 2016). In general, courts can resolve such questions based solely on the terms of the policy and the pleading in the underlying action. See Tech-Built 153, Inc. v. Virginia Sur. Co., Inc., 153 N.H. 371, 375 (2006) ("We acknowledge that, in general, we do not look beyond the four corners of the insurance contract to discern the intent of the contracting parties regarding the scope and extent of insurance coverage."); State Farm Ins. Co. v. Bruns, 156 N.H. 708, 713 (2008) ("In deciding the scope of a liability policy's coverage, a court must compare the policy language with the facts pled in the underlying suit to see if the claim falls within the express terms of the policy . . . .") (internal quotation marks omitted).

In contrast, the Hidden Valley Defendant's tort claims would raise a number of issues that require an evidentiary record to resolve, including whether Huff and Brown & Brown owed a duty to the Hidden Valley Defendants and, if so, whether Huff

and Brown & Brown's conduct violated that duty.[5]  As Evergreen points out, the necessity of such evidence will require the court and the parties to participate in a lengthy discovery process that would likely be unnecessary if this action were confined to Evergreen's claim for declaratory relief.  Moreover, the proposed third-party claims seek damages, which is a remedy that may raise factual issues not present in an action for declaratory relief.  Therefore, the proposed third-party claims would predominate over Evergreen's claim for declaratory relief.

In addition, exercising supplemental jurisdiction over the third-party claims would not further the goals of judicial economy and convenience.  The parties have filed summary judgment motions concerning the interpretation of the policy, and discovery closed on August 19, 2016.  Adding the third-party claims likely would disrupt that schedule.  Further, there would be limited overlap of facts between Evergreen's claim for declaratory relief and the third-party claims, all of which focus on what a third party should have advised the Hidden Valley Defendants.  Therefore, the court declines to exercise supplemental jurisdiction over the Hidden Valley Defendants'

---

[5] See Sintros v. Hamon, 148 N.H. 478, 480 (2002)("[A]n insurance agent owes clients a duty of reasonable care and diligence, but absent a special relationship, that duty does not include an affirmative, continuing obligation to inform or advise an insured regarding the availability or sufficiency of insurance coverage.").

third-party claims.

C. Futility and Mootness

Because the court has declined supplemental jurisdiction over the proposed third-party claims, it need not assess whether those claims are futile or whether deferring those claims is appropriate.

Conclusion

For the foregoing reasons, the Hidden Valley Defendants' motion to add claims against Huff Brown & Brown as third-party defendants (doc. no. 21) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

August 23, 2016

cc:   Katherine A. Nickerson, Esq.
      Kevin H. O'Neill, Esq.
      Nancy Richards-Stower, Esq.
      Jeremy David Eggleton, Esq.